**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-5033**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

CALVIN LAMONT HARRIS,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (3:05-cr-00425-RLW)

———————

Submitted:  March 28, 2007          Decided:  April 25, 2007

———————

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed in part; dismissed in part by unpublished per curiam opinion.

———————

James M. Nachman, NACHMAN & SQUIRES, L.L.P., Richmond, Virginia, for Appellant.  Olivia N. Hawkins, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Lamont Harris appeals his conviction and the 151-month career offender sentence he received after he pled guilty to distributing a quantity of cocaine base (crack). 21 U.S.C. § 841(a) (2000); U.S. Sentencing Guidelines Manual § 4B1.1 (2005). Harris' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), explaining that, in his view, there are no meritorious issues for appeal. Harris has filed a pro se supplemental brief, suggesting that the court erred by increasing his sentence based on prior convictions not charged in the indictment. The government has moved to dismiss the appeal, asserting that Harris validly waived his right to appeal his sentence in the plea agreement. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir.), cert. denied, 126 S. Ct. 461 (2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Blick, 408 F.3d

at 168.  Our review of the record discloses that Harris knowingly and voluntarily waived the right to appeal his sentence.  Moreover, the issue raised on appeal falls within the scope of the waiver.  We therefore grant the government's motion to dismiss, in part, and dismiss Harris' appeal of his sentence.

Although Harris also waived his right to appeal his conviction in the plea agreement, the district court did not address this aspect of the waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy.  Therefore, the waiver does not preclude our review of the record pursuant to <u>Anders</u> for potential error relating to the conviction.  Our review of the transcript of the plea colloquy reveals that the district court fully complied with Rule 11 in accepting Harris' guilty plea.  Therefore, we deny, in part, the government's motion to dismiss, and affirm the conviction.

Pursuant to <u>Anders</u>, we have examined the entire record, and Harris' pro se supplemental brief, and find no meritorious issues for appeal.  Accordingly, we affirm the conviction and dismiss the appeal of the sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's

motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>